IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02065-BNB

ROBERT WAYNE INGRUM,

    Applicant,

v.

WARDEN PAMELA PLOUGHE at Territorial, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Robert Wayne Ingrum, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado. Mr. Ingrum has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court must construe the application liberally because Mr. Ingrum is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ingrum will be ordered to file an amended application.

    Mr. Ingrum asserts three claims for relief in the application: (1) ineffective assistance of counsel; (2) due process violations; and (3) a claim that Mr. Ingrum has labeled "Various Claims". On September 13, 2011, after preliminary review of the application, Magistrate Judge Boland directed Respondents to file a Pre-Answer

Response limited to addressing the affirmative defenses of timeliness and/or exhaustion of state court remedies. After receiving an extension of time, Respondents submitted a Pre-Answer Response on October 13, 2011. After receiving four extensions of time, Mr. Ingrum submitted a Reply on February 1, 2012.

In the Pre-Answer Response, Respondents argue that Mr. Ingrum's first claim (ineffective assistance of counsel) and second claim (due process) have not been raised in any form in the state courts and are, therefore, unexhausted and procedurally defaulted. With respect to Mr. Ingrum's third claim, which is labeled "Various Claims," Respondents explain that Mr. Ingrum has simply copied the heading from each of the claims he raised on direct appeal and included each heading as a one sentence claim, without any supporting factual allegations. Respondents first interpret Mr. Ingrum's third claim as raising a single claim of cumulative error. They argue that this single claim of cumulative error was not raised in the state courts and is unexhausted. In the alternative, Respondents argue that "[i]f Claim Three is understood to be simply a raising of claims raised on direct appeal (and assuming that it is not conclusory), only those claims raised in the petition for writ of certiorari filed with the Colorado Supreme Court are exhausted." Pre-Answer Resp. at 12.

Mr. Ingrum's third claim is confusing and vague. It is not clear whether he is attempting to assert a single claim of cumulative error or eight claims based on the claims he raised in his direct appeal. Therefore, Mr. Ingrum will be directed to file an Amended Application that clarifies his third claim. If Mr. Ingrum wants to raise a single cumulative error claim as his third claim, he must clearly identify the claim as a cumulative error claim. If Mr. Ingrum intends to raise the eight claims he raised on his

direct appeal, he must list each claim separately and include factual allegations in support of each claim. Mr. Ingrum may attach additional pages to the amended application so that he may list each of his claims individually. Further, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Ingrum must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Ingrum file **within thirty (30) days from the date of this order** an amended pleading on the proper form that clarifies the constitutional claims he is asserting and that sets forth specific facts in support of each asserted claim. It is

FURTHER ORDERED that Mr. Ingrum shall obtain the court-approved habeas corpus form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Ingrum fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED February 22, 2012, at Denver, Colorado.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge