IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-02065-BNB


ROBERT WAYNE INGRUM,

     Applicant,

v.

WARDEN PAMELA PLOUGHE, at Territorial, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER OF DISMISSAL

---

     Applicant, Robert Wayne Ingrum, is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional

Facility in Canon City, Colorado.  Mr. Ingrum, acting *pro se*, initiated this action by

submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254.  Mr. Ingrum is challenging the validity of his conviction and sentence in

Case No. 04CR3992 in the Arapahoe County District Court.

     The Court must construe liberally the Application filed by Mr. Ingrum because he

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I. Background and State Court Proceedings

Mr. Ingrum was convicted by a jury of one count of sexual assault on a child – pattern of abuse, three counts of sexual assault on a child by one in a position of trust, three counts of incest, two counts of sexual assault on a child, and one count of sexual assault on a child with the use of physical force or violence. Pre-Answer Resp. at 4. He received a sentence of twenty years to life and consecutive sentences of ten years to life, ten years to life, twenty years to life, and forty years to life. *Id.* at Ex. A, p. 15. Mr. Ingrum appealed his conviction. The Colorado Court of Appeals affirmed the conviction and affirmed the sentences in part, vacating the sentence on Count 9 and remanding for re-sentencing on that count. *See People v. Ingrum*, No. 06CA2325 (Colo. App. Feb. 4, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. D). Mr. Ingrum filed a petition for certiorari review, which the Colorado Supreme Court denied on July 19, 2010. *Id.* at Ex. F.

On December 8, 2010, Mr. Ingrum filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on January 26, 2011. Pre-Answer Resp. at 8. Mr. Ingrum did not file an appeal.

On April 11, 2011, Mr. Ingrum filed a Rule 35(c) motion, which the trial court denied on April 25, 2011. *Id.* Mr. Ingrum did not file an appeal.

Mr. Ingrum then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court on August 8, 2011. Mr. Ingrum asserts three claims in the Application: (1) he was provided ineffective assistance of counsel; (2) his right to due process was violated because he was denied the opportunity to take a polygraph test; and (3) a claim labeled "Various Claims".

On September 13, 2011, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either defense.  After receiving an extension of time, Respondents filed a Pre-Answer Response on October 13, 2011.  After receiving five extensions of time, Mr. Ingrum submitted a Reply on February 21, 2012.

In the Pre-Answer Response, Respondents concede that Mr. Ingrum's Application is timely.  However, Respondents argue that Mr. Ingrum's first claim (ineffective assistance of counsel) and second claim (due process) are unexhausted in the state courts and are now procedurally defaulted.  With respect to Mr. Ingrum's third claim, which is labeled "Various Claims," Respondents explain that Mr. Ingrum has simply copied the heading from each of the claims he raised on direct appeal and included each heading as a one sentence claim, without any supporting factual allegations.  Respondents first interpret Mr. Ingrum's third claim as raising a single claim of cumulative error.  They argue that this claim of cumulative error was not raised in the state courts and is unexhausted.  In the alternative, Respondents argue that if Claim Three is interpreted as raising the claims that Mr. Ingrum asserted on direct appeal, only those claims that were raised in the petition for writ of certiorari would be exhausted.

Therefore, finding that it was not clear whether Mr. Ingrum was asserting a single claim of cumulative error or eight claims based on the claims he raised in his direct appeal, Magistrate Judge Boland directed Mr. Ingrum to file an Amended Application that clarified his third claim.  Magistrate Judge Boland instructed Mr. Ingrum that if he

3

wanted to raise a single claim of cumulative error as his third claim, he must clearly

identify the claim as a cumulative error claim.  In the alternative, if Mr. Ingrum intended

to raise the eight claims he raised on direct appeal, Magistrate Judge Boland directed

him to list each claim separately and include factual allegations in support of each claim.

After receiving an extension of time, Mr. Ingrum filed an Amended Application on April

12, 2012.  In the Amended Application, Mr. Ingrum clarifies that his third claim is a

single claim of cumulative error.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

4

federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a state court has deemed the issue procedurally barred.  *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006).  A claim is precluded from federal habeas review when it has been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]."  *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

In his first claim, Mr. Ingrum asserts that he was provided ineffective assistance of counsel because: (a) counsel failed to object to the aggravated sentence; (b) counsel

5

failed to object to a biased juror; (c) counsel failed to investigate allegations that the victim was lying; (d) counsel failed to object to pictures and letters admitted at trial; (e) Mr. Ingrum informed counsel that he was homosexual, but counsel ignored this information; and (f) Mr. Ingrum was not allowed to testify.  Application (Doc. # 1) at 5. Mr. Ingrum did not raise any claims of ineffective assistance of counsel on direct appeal. *See* Pre-Answer Resp. at Ex. A.  In addition, Mr. Ingrum's Rule 35(c) motion has not been provided to the Court.  However, assuming *arguendo*, that Mr. Ingrum raised these same claims of ineffective assistance of counsel in his Rule 35(c) motion, Mr. Ingrum failed to appeal the denial of that motion to the Colorado Court of Appeals.  *See* Pre-Answer Resp. at Ex. H, p. 8.

In Mr. Ingrum's second claim, he asserts that his due process rights were violated because: (a) he was denied the right to take a polygraph test; (b) the victim made inconsistent statements; (c) he was mistakenly evaluated during his "psychosexual evaluation", (d) he has been denied post-conviction treatment for his offense; and (e) he was refused a bond reduction.  Application (Doc. # 1) at 8.  Mr. Ingrum did not raise these claims on direct appeal, and again, if he raised them in his Rule 35(c) motion, he failed to file an appeal of that motion.  *See* Pre-Answer Resp. at Ex. A.

Finally, Mr. Ingrum raises a claim of cumulative error as his third claim, asserting that: (a) his sentence was improperly aggravated; (b) the victim made false statements; (c) defense counsel failed to investigate witnesses and information that could have exonerated Mr. Ingrum; (d) defense counsel failed to present exonerating polygraph

6

evidence; (e) counsel provided ineffective assistance of counsel; (f) the court failed to remove a biased juror; (g) the victim had been involved in prostitution and illegal drug use; (h) Mr. Ingrum's prior conviction should not have been admissible at trial; (i) the victim was offered a deal by the prosecution.  Amended Application (Doc. # 28) at 6-8.  Mr. Ingrum did assert a claim of cumulative error on direct appeal.  However, this claim was based on allegations that an investigator improperly testified regarding emails that he received from Mr. Ingrum and that the prosecutor improperly vouched for the credibility of the victim.  *See* Pre-Answer Resp. at Ex. A, p. 15.  Therefore, Mr. Ingrum failed to raise the same claim of cumulative error in the state courts that he raises in this action.

Based on the analysis set forth above, the Court finds that Mr. Ingrum has failed to exhaust state court remedies for his claims, because he has failed to invoke "one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 842.  Moreover, with limited exceptions that are not applicable to Claims One, Two, and Three, the Colorado Rules of Criminal Procedure bar Mr. Ingrum from raising a claim in a post-conviction motion that could have been raised on direct appeal, or that was already raised on post-conviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that

7

were raised previously).  Therefore, the Court finds that Mr. Ingrum has procedurally defaulted Claims One, Two, and Three.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S. Ct. 238 (2009)); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Ingrum's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Ingrum must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at1319.  An applicant, however, must first raise an independent constitutional claim in state court before it can be used to establish cause for procedural default.  *See Livingston v.*

8

*Kansas*, 407 F. App'x 267, 273 (10th Cir. 2010) (citing *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *see also, Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010).

Mr. Ingrum has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. As a result, Claims One, Two, and Three are procedurally barred from federal habeas review and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application and the Amended Application are denied and the action is dismissed because Applicant's claims are procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of ____April____, 2012.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court